IN THE SUPREME COURT OF THE STATE OF MONTANA

RE: RULES OF THE SUPREME COURT:

ORDER

FILED

DEC 29 1976

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

Pursuant to the power placed in this Court by Article VII, Section 2, of the Constitution of the State of Montana, the Court has undertaken a study with reference to the disqualification and substitution of judges. The Court now adopts the following rule:

DISQUALIFICATION AND SUBSTITUTION OF JUDGES

Any judge, or justice of the peace must not sit or act in any action or proceeding:

1. To which he is a party, or in which he is interested;

2. When he is related to either party by consanguinity or affinity within the sixth degree, computed according to the rules of law;

3. When he has been attorney or counsel for either party in the action or proceeding, or when he rendered or made the judgment, order or decision appealed from;

4. In a district court, when a motion for a substitution of a judge had been filed. In a civil case, each adverse party is entitled to two substitutions of a judge. In a criminal case, the state and each defendant is entitled to one substitution of a judge.

A motion for substitution of a judge shall be made by filing a written motion for substitution reading as follows: "The undersigned hereby moves for substitution of another judge for Judge_____ in this

- 1 -

cause." The clerk of court shall immediately give notice thereof to all parties and to the judge named in the motion. Upon filing this said notice the judge named in the motion shall have no further power to act in the cause other than to call in another judge, which he shall do forthwith, and to set the calendar.

When a case is filed in a multi-judge district, it shall be the duty of the clerk of court to stamp the name of the judge to which the case is assigned on the face of the summons, order to show cause, or information and all copies thereof.

Whenever a judge is assigned a case for ten consecutive days and the attorneys of record on both sides have knowledge of the assignment for that period of time, and if during this time no motion for substitution of a judge is filed against him, all rights to move for substitution of a judge shall be deemed waived by all parties, unless the presiding judge disqualified himself thereafter in which case the right to move for substitution of a new judge is reinstated and the ten day period starts running anew.

Whenever a new party enters a case, the ten day period begins anew as to that party. During that time all other parties may file any motions for substitution of a judge allowed by this rule and not previously filed by them.

Whenever an acceptance of jurisdiction is filed by a new judge it shall be the duty of the clerk of court, forthwith, to mail a copy thereof by certified mail with return receipt requested, to all attorneys of record. Service thereof may also be made by delivery of a copy personally, or by getting a written receipt from the attorneys therefor. Proof of service, however made,

shall be stapled to the acceptance of jurisdiction, so served, in said file.

5. In a justice's, police or municipal court, when either party makes and files an affidavit that he cannot have a fair and impartial trial before such justice, police or municipal court judge by reason of the interest, prejudice or bias of the justice, police or municipal court judge.

Each adverse party is entitled to file one such disqualification in a civil or criminal case.

When such a disqualifying affidavit is filed, against a justice of the peace, the justice so named shall have no further power to act in the case, other than to call in another justice from the same county, or from an adjoining county if there is no other justice available in the same county, to hear the case.

When such a disqualifying affidavit is filed against a police judge he shall have no further power to act in the case except to call in a justice of the peace or qualified resident to act in his stead as prescribed in section 11-1604 RCM 1947.

When such a disqualifying affidavit is filed against a judge of a municipal court, he shall have no further power to act in the case except to call in an attorney to act in his stead as prescribed in section 11-1713 RCM 1947.

6. When he has been disqualified for cause as hereinafter described:

Whenever a party to any proceeding in any Court makes and files a timely and sufficient affidavit that a judge or justice of the peace, before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

-3-

or justice of the peace shall proceed no further therein, but another judge or justice of the peace shall be assigned to hear such disqualification proceeding by the chief justice of the Supreme Court, or by a district judge, if the affidavit is against a justice of the peace, police or municipal court judge. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than twenty days before the original date of trial, or good cause shall be shown for failure to file it within such time. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

7. When a new trial is ordered in any case, whether by order of the district court or the Supreme Court, each adverse party shall be entitled to file one motion for substitution of a judge in the manner provided in paragraph 4, whether or not that party has previously filed motions for substitution of a judge. Such motions must be filed:

a. If the new trial has been ordered by the district court, within 10 days after the time for appealing the order has elapsed.

b. If the new trial has been ordered by the Supreme Court, within 10 days after notice of receipt of the remittitur has been received by the respective parties from the clerk of the district court.

8. The provisions of this rule shall not apply to any person in any cause involving a contempt of court.

9. This rule supersedes and is to be used to the exclusion of sections 93-901, 93-2906(4), 93-2907, 93-6602(2), 95-1709, and 95-2010, R.C.M. 1947.

This rule shall be effective on March 1, 1977, it to apply to all actions filed on or after that date.

In order that members of the bench and bar may have an opportunity to familiarize themselves with the rule IT IS ORDERED that a copy of this order be forwarded by mail to all members of the bench and bar of Montana.

DATED this 27 day of December, 1976.

James T. Harrison
Chief Justice

Frank I. Haswell

Wesley Castles

John Conway Harrison

Gene B. Daly
Justices